# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRELL HENRY WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:04-CV-001 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This federal habeas matter is before the Court on various motions and communications from federal prisoner Darrell Henry Williams.

**Motion for Appointment of Counsel**.

By letter to the Court dated June 22, 2006 and received June 26, 2006, plaintiff requests the appointment of counsel. The Court will deny Movant's motion to reconsider the appointment of counsel for the reasons stated in its order of September 24, 2004, as reiterated in the order dated May 5, 2005.

Movant will be ordered to communicate with the Court in the future only by motion or memorandum, and not by letter.

**Motion to Amend, for a Copy of the Government's Response, and for Additional Time to File Reply**.

Movant filed a motion which requests leave to amend his motion filed under 28 U.S.C. § 2255; for a copy of the government's response to his Second Amended Motion under § 2255; and for the opportunity to reply to the government's response.

Movant does not submit a proposed amended motion, but rather states only that his previously-filed Second Amended Motion under § 2255 [see Doc. 8], does not "effectively set out" in Claim 4 his claim concerning an alleged illegal career offender enhancement.

The Federal Rules of Civil Procedure apply to federal habeas actions because habeas proceedings are civil in nature. 28 U.S.C. § 2242; United States v. Craycraft, 167 F.3d 451, 456 & n.6 (8th Cir. 1999). See also Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

Without having a proposed amended motion before it, the Court cannot determine whether there has been undue delay in leave to amend, or whether the proposed amendment would be futile. Movant's motion for leave to amend his motion under § 2255 should therefore be denied without prejudice. Movant is advised that if he wishes to amend his § 2255 motion, he must file a motion for leave to amend, accompanied by his proposed amended motion under § 2255. As discussed below, however, Movant may find that he can adequately address the issue of the career offender enhancement in his reply to the government's response.

With respect to the other aspects of Movant's motion, on July 5, 2006 the Clerk of the Court sent Movant a copy of the government's response to the Second Amended Motion, which was filed on November 30, 2004. See [Doc. 20]. Movant will be granted until August 21, 2006 to file a reply to the government's response to the Second Amended Motion.

**Letter to the Court**.

Movant sent another letter to the Court, dated July 2, 2006 and received July 5, 2006, which does not contain a certificate of service indicating that a copy was sent to the government's attorney. This letter discusses in detail movant's arguments concerning the career offender enhancement as raised in Claim 4 of the Second Amended Motion under § 2255, and includes several exhibits.

The Court will return this letter to movant because (1) the letter does not contain a certificate of service indicating that a copy was sent to the government's attorney, see Order dated June 30, 2006, and (2) the letter is an improper attempt to supplement movant's Second Amended Motion under § 2255 without seeking leave of Court. In addition, Movant may find that he is able to adequately detail his claim concerning the career offender enhancement in his reply to the government's response to the Second Amended Motion, and may not need to seek leave to amend.

**Motion for Pre-Hearing Transcript Dated October 15, 1999**.

Movant filed a motion seeking a copy of the transcript of his preliminary examination and detention hearing on October 15, 1999, at government expense. Movant asserts that the transcript is relevant to Claim "M" contained in his initial motion under § 2255.

Movant did not include a certificate of service on this motion, filed June 28, 2006, to indicate that Movant sent a copy of the motion to the government's attorney. The Court will therefore grant the government until July 12, 2006 to file any response to this motion before it issues a ruling.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's letter to the Court filed June 26, 2006, construed as a motion for appointment of counsel, is **DENIED**. [Doc. 29]

**IT IS FURTHER ORDERED** that Movant's motion to amend his Second Amended Motion under 28 U.S.C. § 2255 is **DENIED without prejudice**. [Doc. 27]

**IT IS FURTHER ORDERED** that Movant's motion for a copy of the government's response to his Second Amended Motion is **GRANTED** and a copy has already been sent to movant. [Doc. 27]

**IT IS FURTHER ORDERED** that Movant's motion for additional time to reply to the government's response to his Second Amended Motion is **GRANTED** and movant is granted until **August 21, 2006** to file his reply memorandum. [Doc. 27]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall return to Movant the letter to the Court dated July 2, 2006 and received July 5, 2006.

**IT IS FURTHER ORDERED** that in the future, Movant shall only communicate with the Court by means of a motion or memorandum, and shall not communicate with the Court by letter. Any future letters to the Court may be returned to Movant without filing.

**IT IS FURTHER ORDERED** that the government shall file its response to Movant's motion for production of pre-hearing transcript [Doc. 26], if any, no later than **July 12, 2006**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of July, 2006.